1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VOPATEK,<br><br>                    Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>                  Defendant. | Case No.:  23-cv-01221-BAS-JLB<br><br>**\*\*<u>REDACTED</u>\*\***<br><br>**ORDER GRANTING IN PART PLAINTIFF CHRISTOPHER VOPATEK'S MOTION TO COMPEL DEFENDANT USAA CASUALTY INSURANCE COMPANY'S RESPONSES TO WRITTEN DISCOVERY**<br><br>**[ECF No. 94]** |

Before the Court is a Motion to Compel filed by Plaintiff Christopher Vopatek ("Plaintiff"). (ECF No. 94.)  Plaintiff initially moved to compel Defendant USAA Casualty Insurance Company ("Defendant" or "USAA") to respond to (1) Plaintiff's Requests for Admission ("RFA") Nos. 18, 19, and 21; (2) Plaintiff's Interrogatories Nos. 14–19; and (3) Plaintiff's Requests for Production ("RFP") Nos. 32–47.  (*Id.* at 2.)  Defendant filed an opposition asserting that it had served full and complete responses to the interrogatories

and RFPs at issue.  (ECF No. 99 at 2.)  Plaintiff thereafter filed a reply confirming that only Plaintiff's RFA Nos. 18, 19, and 21 remain at issue.  (ECF No. 103.)  For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's Motion to Compel.

## I.    BACKGROUND

Plaintiff commenced this action against USAA on June 30, 2023.  (ECF No. 1 ("Compl.").)  Plaintiff had an automobile insurance policy with USAA, Policy No. 00951 78 46C 7103 3, effective September 19, 2017, through September 19, 2020 (the "Policy"). (Compl. ¶ 7.)  On April 4, 2020, Plaintiff was driving his insured vehicle while working for Uber Eats deliveries.  (*Id.* ¶ 13.)  After logging out of his Uber application for the night, Plaintiff was involved in a head-on motor vehicle accident with an intoxicated driver wherein he suffered severe personal injuries and property damage.  (*Id.* ¶¶ 14–17.)  The other driver was at fault.  (*Id.* ¶¶ 18–19.)  The at-fault driver's policy limit was $15,000 per person and $30,000 per accident.  (*Id.* ¶ 36.)  The at-fault driver's insurer tendered its policy limits of $15,000 to Plaintiff.  (*Id.* ¶ 21.)

Plaintiff thereafter submitted a claim to USAA seeking uninsured motorist/underinsured motorist ("UM/UIM") coverage on the ground he suffered bodily injury and property damage due to the sole fault of an underinsured motorist.  (*Id.* ¶ 24.) The UM/UIM limits of Plaintiff's Policy were $300,000.00 per person and $500,000.00 per accident.  (*Id.* ¶¶ 7, 23.)  USAA denied coverage on the ground that the Policy does not pay for a loss to a covered auto "which occurs while it is being used to carry persons for a fee."  (*Id.* ¶¶ 25–26.)  Plaintiff thereafter renewed his demand, which was denied again because USAA claimed, without producing evidence, that Plaintiff "was confirmed to be in active status on his ride share application at the time of the accident."  (*Id.* ¶¶ 27–29.) Plaintiff was not logged in to the Uber Eats application at the time of the accident.  (*Id.* ¶¶ 29–32.)  Plaintiff brings causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, and declaratory relief.  (*Id.* at 9–14.)

On February 26, 2024, the Honorable Roger T. Benitez granted the parties' joint motion to stay the action pending the outcome of mandatory UIM arbitration.  (ECF No.

25.)  During the stay, a settlement was reached as to the parties' dispute regarding the amount of UIM benefits owed to Plaintiff.  (ECF No. 31 at 2.)  On October 1, 2024, the parties informed the Court that their settlement of the underlying UIM claim had been finalized.  (ECF No. 33 at 2.)  The Honorable Cynthia Bashant lifted the stay on October 7, 2024.  (ECF No. 35.)

On July 17, 2025, the parties lodged a Joint Discovery Statement addressing the RFAs at issue in the present motion.  The Court thereafter held an informal Discovery Conference to address the dispute on August 11, 2025.  (*See* ECF Nos. 75, 84.)  On August 28, 2025, the Court issued a briefing schedule for the present motion.  (ECF No. 88.)  The motion was fully briefed on October 2, 2025.  (ECF Nos. 94, 99, 103.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b), a party is entitled to seek discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible to be discoverable.  *Id.*

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."  *Alves v. Riverside Cnty.*, 339 F.R.D. 556, 559 (C.D. Cal. 2021) (quoting *Bryant v. Ochoa*, No. 07-CV-00200-JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009)).  "District courts have broad discretion in determining relevancy for discovery purposes."  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).  "Once the propounding party establishes that the request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'"  *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 283 (S.D. Cal. 2018) (quoting

*Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009)).  However, a court must—either on motion or *sua sponte*—"limit the frequency or extent" of otherwise permissible discovery if the court finds, *inter alia*, the request "unreasonably cumulative or duplicative" or the discovery sought is obtainable from a "more convenient, less burdensome, or less expensive" source.  Fed. R. Civ. P. 26(b)(2)(C)(i).

## III.   DISCUSSION

### A.   Requests At Issue

Plaintiff seeks to compel responses to RFA Nos. 18, 19, and 21, which "seek admissions regarding whether USAA [] received complaints about its ride-share investigations or driver logs from any Transportation Network Company ('TNC') or Uber prior to denying Plaintiff's claim."  (ECF Nos. 94 at 2; 99 at 2; 103 at 2.)  The requests at issue and Defendant's responses are as follows:

> **RFA No. 18:** Admit that YOU have received complaints from insureds alleging YOU denied claims based on ride-share exclusions without investigating their RIDE SHARING ACTIVITY status.
>
> **Response to RFA No. 18:** Responding Party objects to this request on the grounds that it is vague and ambiguous in that it cannot be determined what is intended by "received complaints from insureds alleging" and "based on ride-share exclusions without investigating their RIDE SHARING ACTIVITY status" as used in this subject request.
>
> Responding Party objects to this request on the grounds of being argumentative.
>
> Responding Party objects to this request on the grounds that is not proportional to the needs of this action.
>
> Responding Party objects to this request on the grounds that, as phrased, it seeks information that could be protected by the attorney-client privilege.
>
> Responding Party objects to this request on the grounds that, as phrased, it seeks information that could be protected under the work-product doctrine.
>
> Responding Party objects to this request on the grounds that, as phrased, it could require the production of documents and materials that contain trade

secrets and other confidential, proprietary information pertaining to the internal operations of Responding Party and are, therefore, protected from discovery.

Responding Party objects on the grounds that this request is unreasonably burdensome and time consuming and that it is intended to harass and annoy Responding Party and that identifying material potentially responsive to this request would take a manual, file-by-file, document-by-document review.

Responding Party objects to the extent this request seeks private information of unrelated third parties, including confidential claims information, medical information or records and similarly protected information that is not discoverable pursuant to *Colonial Life* and its progeny.

Responding Party objects to this request on the grounds that it is overbroad as to scope, time, and geography. Subject to, and without waiving the aforesaid objections, Responding Party responds as follows:

Responding Party admits that Propounding Party has filed the instant lawsuit alleging that Responding Party "denied claims based on ride-share exclusions without investigating their RIDE SHARING ACTIVITY status."

Except as admitted, based upon the objections above and for the reasons stated in Opposition to Plaintiff's pending Motion to Compel (and papers supporting the same)—all of which is incorporated herein by reference—Responding Party has made a reasonable inquiry and the information known and readily available to it in an nonburdensome or otherwise non-objectionable manner is insufficient to enable it to admit or deny the request.

Discovery is continuing. Responding Party reserves the right to amend or supplement this response.

///
///
///
///
///
///
///
///

5

**RFA No. 19:** Admit that prior to May 19, 2020, YOU had received a DRIVER LOG REGARDING an insured from a TRANSPORTATION NETWORK COMPANY.

**Response to RFA No. 19:**[1]

Responding Party objects to this request on the grounds that it is vague and ambiguous in that it cannot be determined what is intended by "received a DRIVER LOG REGARDING an insured from a TRANSPORTATION NETWORK COMPANY" as used in this subject request.

Responding Party objects to this request on the grounds of being argumentative.

Responding Party objects to this request on the grounds that is not proportional to the needs of this action.

Responding Party objects to this request on the grounds that, as phrased, it seeks information that could be protected by the attorney-client privilege.

Responding Party objects to this request on the grounds that, as phrased, it seeks information that could be protected under the work-product doctrine.

Responding Party objects to this request on the grounds that, as phrased, it could require the production of documents and materials that contain trade secrets and other confidential, proprietary information pertaining to the internal operations of Responding Party and are, therefore, protected from discovery.

Responding Party objects on the grounds that this request is unreasonably burdensome and time consuming and that it is intended to harass and annoy Responding Party and that identifying material potentially responsive to this request would take a manual, file-by-file, document-by-document review.

Responding Party objects to the extent this request seeks private information of unrelated third parties, including confidential claims information, medical

---

[1]   Plaintiff did not attach Defendant's entire response to RFA No. 19 to his Motion to Compel.  (*See* ECF No. 94-1 at 28–29.)  However, the parties did lodge Defendant's complete response with their Joint Discovery Statement and that response is included in this Order.

23-cv-01221-BAS-JLB

information or records and similarly protected information that is not discoverable pursuant to *Colonial Life* and its progeny.

Responding Party objects to this request on the grounds that it is overbroad as to scope, time, and geography.

Subject to, and without waiving the aforesaid objections, Responding Party responds as follows:

Based upon the objections above and for the reasons stated in Opposition to Plaintiff's pending Motion to Compel (and papers supporting the same)—all of which is incorporated herein by reference—Responding Party has made a reasonable inquiry and the information known and readily available to it in an non-burdensome or otherwise non-objectionable manner is insufficient to enable it to admit or deny the request.

Discovery is continuing. Responding Party reserves the right to amend or supplement this response.

**RFA No. 21:** Admit that prior to May 19, 2020, YOU had received a DRIVER LOG REGARDING an insured from UBER.

**Response to RFA No. 21:** Responding Party objects to this request on the grounds that it is vague and ambiguous in that it cannot be determined what is intended by "had received a DRIVER LOG REGARDING an insured from UBER" as used in this subject request. Responding Party objects to this request on the grounds of being argumentative. Responding Party objects to this request on the grounds that is not proportional to the needs of this action.

(ECF No. 94-1 at 27–30.)

### B.    Analysis

#### 1.    Parties' Arguments

As he did previously, Plaintiff relies on *Colonial Life & Accident Ins. Co. v. Superior Court*, 31 Cal. 3d 785 (1982), to support his contention that discovery regarding similar claims handled by USAA is relevant to his bad faith and punitive damages claims. (ECF No. 94 at 4–5.) As discussed in *Colonial Life*, a bad faith claim may be established "by showing either that the acts that harmed [the plaintiff] were knowingly committed or were engaged in with such frequency as to indicate a general business practice." *Colonial Life*, 31 Cal. 3d at 791; *accord Shenon v. New York Life Ins. Co.*, No. 2:18 CV 00240, 2021 WL

4804053, at *3 n.2 (C.D. Cal. Oct. 14, 2021).  In addition, the elements of a punitive damages claim "may be suggested by a pattern of unfair practices." *Id.* at 792.  Therefore, discovery aimed at determining the frequency of alleged unfair settlement practices is "likely to produce evidence directly relevant to [a bad faith] action." *Id.* at 791.

"Although *Colonial Life* is not binding in discovery disputes in federal court, it provides helpful guidance about relevance in connection with allegations of an insurer's breach of the covenant of good faith and fair dealing under California law." *Kahlenberg v. Bamboo IDE8 Ins. Servs., LLC*, No. 2:20-cv-06805-FLA-PDx, 2021 WL 8693114, at *3 (C.D. Cal. May 19, 2021).  Indeed, "*Colonial Life* . . . has been cited by California state and federal courts for the idea that an insurer's handling of other claims is relevant to punitive damages and common law 'bad faith' claims." *Van Duyn v. Am. Sec. Ins. Co.*, No. CV 08-5748-GW(CTX), 2009 WL 10672575, at *3 (C.D. Cal. Apr. 14, 2009); *see, e.g.*, *Moore v. American United Life Ins. Co.*, 150 Cal. App. 3d 610 (1984) (noting information regarding non-party insureds' settlement attempts is relevant to common law bad faith claim); *J & M Assocs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, PA, No. 06-CV-0903-W (JMA), 2008 WL 638137, at *4–5 (S.D. Cal. Mar. 4, 2008) (finding that *Colonial Life* applies whether bad faith is alleged under a statute or under a common law theory).

Here, Plaintiff specifically argues that the requested discovery is relevant because "[h]ow [Defendant] has handled other claims involving disputed ride share activity is directly probative of whether [Defendant's] conduct toward Plaintiff was a one-off mistake or part of a deliberate pattern."  (ECF No. 94 at 6.)  Plaintiff argues that if Defendant "consistently fails to obtain the driver log where ride sharing activity is in dispute, that would indicate a company policy or practice of failing to investigate—supporting Plaintiff's claim" that Defendant denied his claim invoking the ride-share exclusion without a proper investigation.  (*Id.*)  Plaintiff further argues that this discovery "would also show [Defendant] knows the financial harm this causes to insureds yet persists, evidencing the malice or conscious disregard required for punitive damages."  (*Id.*)

Plaintiff contends that Defendant's "state of mind and the reasonableness of its claim handling" is "central to Plaintiff's case [and] not a peripheral issue." (*Id.*) Lastly, Plaintiff asserts that admissions to the RFAs at issue would show that Defendant "knew driver logs were obtainable yet failed to pursue them in Plaintiff's case, or that it was on notice of systemic investigative deficiencies yet failed to remedy them." (ECF No. 103 at 2.)

In its opposition, Defendant argues that the RFAs go "far beyond the scope of discovery that the parties contemplated in their Joint Discovery Plan," which was limited to Plaintiff's own claim and Defendant's handling thereof. (ECF No. 99 at 2.) Defendant further argues that the parties never contemplated the discovery of any substantial Electronically Stored Information ("ESI"). (*Id.*) Defendant contends that Plaintiff's requested discovery is a "wide-ranging fishing expedition." (*Id.*) In this regard, Defendant argues that the claims are "wildly overbroad as to scope (not limited to underinsured motorist claims), time (seeking information on all USAA [] claims since the dawn of time), and geography (not limited to California)." (*Id.* at 3.) Lastly, Defendant argues that "there is no reasonable limitation on the scope of the Subject RFAs that would make responding to them workable or non-burdensome." (*Id.*) Defendant claims it "cannot confirm the information to reliably admit or deny the Subject RFAs in any practical manner." (*Id.*) Defendant further claims that to respond to the RFAs, it "would have to manually review the thousands upon thousands of claims that it has handled over many years in order to be in a position to reliably admit or deny the requests." (*Id.*)

In his reply, Plaintiff argues that the RFAs at issue "do not necessitate a file-by-file review of claims files, as [Defendant] contends, but rather require a reasonable inquiry to its managers and adjusters (RFAs 19 and 21) and to its Advocacy Team/customer service department (RFA 18)." (ECF No. 103 at 2, 4.) Plaintiff argues that Defendant's failure to conduct any such inquiries or detail its efforts to obtain the requested information or present any relevant evidence of burden renders its opposition deficient. (*Id.*)

///

///

### 2. Joint Discovery Plan

As an initial matter, the Court does not find Defendant's argument regarding the Joint Discovery Plan persuasive. A Joint Discovery Plan is prepared near the outset of a case to address, in part, "the subjects on which discovery *may* be needed." Fed. R. Civ. P. 26(f) (emphasis added). Here, the Joint Discovery Plan was filed on September 6, 2023, long before the parties obtained the driver log from Uber in October 2024, and Defendant produced its internal policies in March 2025. (*See* ECF Nos. 53-1 at 3; 94 at 10.) After those significant developments, the parties had a clearer picture of the case and what discovery may be required.

### 3. Relevance

For the reasons stated in its prior Order regarding Request for Production ("RFP") No. 22 and Interrogatory No.12, which similarly sought discovery regarding complaints from insureds that USAA failed to adequately investigate whether the insureds were engaged in ride sharing activity, the Court finds that the RFAs at issue seek relevant information. (*See* ECF No. 86 at 20–21.)

As the Court previously stated:

A key question in this case is whether it was reasonable for USAA to rely on the information provided by Uber through Progressive despite not requesting the driver log. The issue of whether this particular concern had been raised before is therefore relevant to determining whether USAA acted in bad faith, as well as to punitive damages. *See* Cal. Civ. Code § 3294(a) (punitive damages must be based on a showing of "oppression, fraud, or malice"); *Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994) (noting that punitive damages may be awarded under California law "when [an] insurer breaches the covenant of good faith and fair dealing and is guilty of oppression, fraud or malice") (citation and internal quotation marks omitted).

(ECF No. 86 at 20–21.)

///

///

///

### 4.  Reasonable Inquiry/Proportionality

#### a.  RFA No. 18

With respect to RFA No. 18, Defendant argues that it is not proportional to the needs of the case as the request is not limited to underinsured motorists, seeks information "over an unlimited scope of time," and "has nothing to do with the information upon which USAA [] initially relied in denying Plaintiff's UIM claim in *this standalone case*."  (ECF No. 99 at 3, 8–9.)  Defendant further asserts that the "least burdensome way" to accurately determine its response to this RFA would be to review its claim system, which would involve a time-consuming and expensive manual file-by-file search.  (*Id.* at 10.)

In its response to the RFA, Defendant states that it "has made a reasonable inquiry and the information known and readily available to it in an [sic] nonburdensome or otherwise non-objectionable manner is insufficient to enable it to admit or deny the request."  (ECF No. 94-1 at 28.)  However, Defendant does not state in its response, or clarify in its opposition, what "nonburdensome," "reasonable" inquiry it has made.

Federal Rule of Civil Procedure 36 provides that "[t]he answering party *may* assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  However, an answer to a request that simply recites Rule 36, without more, is insufficient.  *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246–47 (9th Cir. 1981).  The answering party must, in fact, make a "reasonable inquiry."  *See id.* at 1247.

As one court in this Circuit has stated:

Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts.  Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response."  The inquiry may require venturing beyond the parties

to the litigation and include, under certain limited circumstances, non-parties . . . . The operative words then are "reasonable" and "due diligence."

*A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006) (quoting *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) (citations omitted)). While it may not always be necessary for a responding party to identify the steps it has undertaken before determining it is unable to admit or deny a request for admission, in light of the history of the discovery disputes in this case, the Court is not prepared to allow Defendant to unilaterally determine what is too burdensome and then keep to itself where it drew that line.

In this case, the Court has already ordered Defendant to produce the following documents:

> [A]ny and all DOCUMENTS EVIDENCING complaints, letters, emails, demands, claims, lawsuits, and/or demands for arbitration received by YOU from YOUR insured in the past five (5) years claiming YOU failed to investigate a claim RELATING TO whether YOUR insured was engaged in ride sharing activity in conjunction with a Transportation Network Company.

(ECF Nos. 86, 87.) Defendant was ordered to produce documents responsive to this request by October 27, 2025. (ECF No. 102.) Defendant was further ordered to respond to a related interrogatory. (*See* ECF Nos. 86, 87, 102.) The due diligence required to respond to these requests will overlap with, but will not necessarily exhaust, the reasonable inquiry required to respond to RFA No. 18.

In its opposition, Defendant argues that it must review each claim file to respond to this RFA. (ECF No. 99 at 10; 99-1 at 3.) However, in its prior filings, Defendant represented ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████ At this juncture, the Court is not requiring Defendant to conduct a manual, file-by-file review.

As discussed in depth in the Court's Order granting Plaintiff's Motion to Compel responses to RFP No. 22 and Interrogatory No. 12, the Court does not find Defendant's arguments regarding proportionality and burden to be persuasive with respect to customer complaints, with one exception.  The Court finds it appropriate to limit the RFA to the past five (5) years, as Plaintiff and the Court previously found appropriate.  Based on the foregoing, the Court **GRANTS IN PART** Plaintiff's Motion to Compel a supplemental response from Defendant as to RFA No. 18 following a reasonable inquiry.  Defendant must identify the reasonable inquiry it has made in its supplemental response.

### b. *RFA Nos. 19 and 21*

Defendant argues that RFA Nos. 19 and 21 are not proportional because responding to the requests would require Defendant to manually review thousands of claim files.  (ECF No. 99-1 at 4.)  As determined in its prior Order, the Court does not find a manual file-by-file review of thousands of claim files to be proportional.  However, a "reasonable inquiry" in this instance does not mandate a manual file-by-file review of every claim file.  As the Court stated during the informal Discovery Conference, there are other options available.  For example, Defendant could send a company-wide email to all claims handlers and ask if they have ever received a driver log regarding an insured from any TNC, including Uber.  Defendant argues that such a method would be imperfect.  (ECF No. 99 at 10.)  However, Rule 36 does not require perfection, it simply requires a reasonable inquiry, and Defendant has not demonstrated that it has made one.

Based on the foregoing, the Court **GRANTS** Plaintiff's motion to compel a supplemental response from Defendant as to RFA Nos. 19 and 21 following a reasonable inquiry.  Defendant must identify the reasonable inquiry it has made in its supplemental response.

## C.    Request for Fee Award

Plaintiff requests that the Court award Plaintiff reasonable attorney's fees incurred in bringing this Motion to Compel.  (ECF No. 103 at 5–6.)  Federal Rule of Civil Procedure 37 provides that if a motion to compel "is granted in part and denied in part, the

court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).  Here, the Court declines to award attorney's fees.  As with Plaintiff's last Motion to Compel, the Court only grants the present motion in part.  Moreover, at the time Defendant responded to the discovery at issue in the present motion, it was still waiting for an order from this Court addressing its *Colonial Life* arguments, as well as its proportionality arguments.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Motion to Compel.  Defendant must serve supplemental responses to RFA Nos. 18, 19, and 21 within twenty-one days of the date of this Order.  RFA No. 18 is limited in time to the past five years.  Plaintiff's Motion to Compel is denied as moot with respect to RFP Nos. 32–47 and Interrogatories Nos. 14–19.

**IT IS SO ORDERED.**

Dated:  November 21, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge