**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHRISTOPHER VOTAPEK,

Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY, a Texas corporation,

Defendant.

Case No. 23-cv-01221-BAS-JLB

**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL**
**(ECF No. 133)**

Before the Court is Parties' joint motion to seal portions of Plaintiff Christopher Votapek's opposition to Defendant USAA Casualty Insurance Company's motion for summary judgment and several accompanying exhibits ("Motion to Seal"). (ECF No. 133.) For the reasons below, the Court **GRANTS** Plaintiff's Motion to Seal. (*Id*.)

**I.     LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed,

- 1 -

particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. In other words, the presumption of public access fully applies to "dispositive pleadings," such as "motions for summary judgment and related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, the Ninth Circuit has "carved out an exception to the presumption of access" to judicial records for a "*sealed discovery document* [attached] to a *non-dispositive* motion," such that "the usual presumption of the public's right of access is rebutted." *Id*. at 1179 (citing *Foltz,* 331 F.3d at 1135).

The Ninth Circuit, thus, applies different standards for evaluating requests to seal documents accompanying dispositive motions and those accompanying non-dispositive motions. *Kamakana*, 447 F.3d at 1179. When the underlying motion is more than tangentially related to the merits (*i.e.*, a dispositive motion), the "compelling reasons" standard applies. *Id.; see also Ctr. for Auto Safety*, 809 F.3d 1092 at 1096–98. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, when the underlying document is a non-dispositive motion, the "good cause" standard applies, and a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 1180.

## II.    ANALYSIS

- 2 -

23cv1221

**A.    Procedural Requirements**

The Court's Standing Order notes, "[t]he fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for sealing." Standing Order § 5.A ("§ 5.A").  "Parties often seek to seal a document only because another party designated the document as sensitive under a protective order . . . [i]n these circumstances, the moving party must first meet and confer with the designating party to determine whether the designating party maintains that any portion of the document must be filed under seal." *Id*.  Then, "the designating party must file a response to the sealing motion within seven days that satisfies the sealing standard . . . If no response is filed, the Court may order that the document be filed in the public record." *Id*.

Though the Court previously denied Plaintiff's motion to seal on the basis that it failed to demonstrate Plaintiff satisfied § 5.A's meet-and-confer requirement, the Court finds Parties' renewed motion to seal satisfies § 5.A.  (*See* ECF No. 133 at 2:23–3:11.) Further, given that the renewed motion to seal is jointly filed by Parties, the Court finds Defendant (the designating party) does not need to file a response to the sealing motion within seven days.

**B.    Related Documents More Than Tangentially Related to Merits**

Plaintiff's proposed redactions and documents to seal are filed in connection with Plaintiff's summary judgment motion (ECF Nos. 116, 133).  *See Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-CV-555-L-NLS, 2018 WL 11457880, at \*1 (S.D. Cal. Nov. 5, 2018) ("The compelling reasons standard applies to all motions except those that are only 'tangentially related to the merits of a case.'. . . Defendants' summary judgment motion is more than tangentially related to the merits") (citing *Kamakana*, 447 F.3d at 1179).  As such, the Court finds Plaintiff's motion to seal (ECF No. 125) is subject to the "compelling reasons" standard in *Kamakana*, 447 F.3d at 1179.

**C.    "Compelling Reasons" Analysis**

Here, Plaintiff moves to seal portions of its opposition to Defendant's motion for summary judgment and accompanying exhibits because such materials contain either: (1)

23cv1221

"USAA's confidential, proprietary, trade secret information relating to internal policies and procedures," or, (2) "Golshani Lee LLP's confidential, proprietary, trade secret information regarding the terms of engagement with client." (*See* ECF No. 125 at 2:18–4:5.)

### 1.    USAA's Internal Policies and Procedures

Preventing the release of trade secrets generally constitutes a compelling reason to seal such documents. *Kamakana,* 447 F.3d at 1179; *see also Nixon,* 435 U.S. at 598 (observing that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing"); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1226–28 (Fed.Cir.2013) (holding that under Ninth Circuit law, detailed product-specific information and internal reports are appropriate to seal under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage).

Insurance company claim manuals that are not publicly available can qualify as trade secrets that are sealable under the compelling reasons standard. *See e.g., McCall v. State Farm Mut. Auto. Ins. Co.*, No. 216CV01058JADGWF, 2017 WL 3174914, at *11 (D. Nev. July 26, 2017) (collecting cases); *see also e.g., Guessford v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, No. 1:12CV260, 2013 WL 2242988, at *4 (M.D.N.C. May 21, 2013); *see also e.g., Las Vegas Sands, Inc. v. Nat'l Union Fire Ins. Co.*, No. 2:22-CV-00461-JCM-BNW, 2023 WL 6929303, at *2 (D. Nev. Oct. 19, 2023) (quoting *Chavez v. Standard Ins. Co.*, No. 3:18-CV-2013, 2020 WL 6382611, at *2 (N.D. Tex. Oct. 30, 2020)) ("Courts have routinely held that insurer's claims-handling guidelines are trade secrets").

Here, Parties move to seal portions of Plaintiff's opposition motion to Defendant's motion for summary judgment and Exhibit 7, and the entirety of Exhibits 49, 50, 51, 53, 55, 56, and 64, on the basis that:

> USAA CIC's internal claims handling guidelines . . . constitute USAA CIC's proprietary, trade-secret information developed specifically for its internal operations relating to the handling and adjustment of insurance claims. USAA CIC confirms that these guidelines are not publicly available and

- 4 -

23cv1221

contain sensitive business information relating to USAA CIC's internal processes, claim evaluation methodologies, and operational procedures. Disclosure of these materials would cause USAA CIC competitive harm by revealing its proprietary claims handling practices to competing insurers and the public. The guidelines reflect significant investment in developing internal procedures that provide USAA CIC a competitive advantage in its insurance operations.

(*See* ECF No. 133 at 2:1-15.)

Given that Parties have claimed Defendant's internal insurance claims guidelines are not publicly available and would harm Defendant's competitive standing in the insurance market, the Court finds they are sealable trade secrets.  Further, after reviewing Parties' proposed redactions, the Court finds they would reveal Defendant's proprietary claim-handling guidelines and are thus appropriate for sealing.  *See e.g., McCall*, 2017 WL 3174914, at *11.  Additionally, the Court finds that Plaintiff's proposed sealing is narrowly tailored to prevent public disclosure of USAA's internal insurance claims-handling policies.  *See* Standing Order § 5.A ("Only those documents, or portions thereof, necessary to protect such sensitive information" may be sealed) As such, whenever possible, the proponent of sealing must redact only what is necessary; *see also Kamakana*, 447 F.3d at 1183 (highlighting the "limited and clear" nature and specificity of the redactions); *see also ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DL, 2023 WL 7029210, at *4 (S.D. Cal. Oct. 24, 2023) (rejecting redactions that were insufficiently tailored).

Thus, the Court **GRANTS** Plaintiff's proposed redactions in its opposition motion and Exhibit 7, and the entirety of Exhibits 49, 50, 51, 53, 55, 56, and 64.  (*See* ECF No. 125.)

### 2.    Counsel's Engagement with Plaintiff

Courts within the Ninth Circuit have held that negotiated attorney fee arrangements and hourly billing rates that are not otherwise available to the public are "commercially sensitive," and can be subject to sealing under the compelling reasons standard.  *See Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, No. 217CV00516GMNGWF, 2020 WL 137382, at *3 (D. Nev. Jan. 13, 2020); *see also Mine O'Mine, Inc. v. Calmese*, No. 2:10-

23cv1221

cv-00043-KJD, 2012 WL 1279827, at \*4 (D. Nev. Apr. 16, 2012), *aff'd*, 489 F. App'x 175 (9th Cir. 2012) ("Because these hourly billing rates are competitively sensitive and not publicly known, it is appropriate to file them under seal."); *see also Clark v. InComm Fin. Servs., Inc.*, No. EDCV 22-1839 JGB (SHKX), 2024 WL 4875348, at \*2 (C.D. Cal. Nov. 8, 2024).

Here, Parties also move to seal Exhibit 64—an excerpted deposition transcript—revealing "Plaintiff's fee arrangement and out-of-pocket attorneys' fees" which constitute "confidential, proprietary, trade secret information." (*See* ECF No. 133 at 5:1-8.) After reviewing Exhibit 64, the Court finds Plaintiff's request to seal Exhibit 64 in its entirety is appropriately narrowly tailored, *Kamakana*, 447 F.3d at 1183, and **GRANTS** Parties' request (ECF No. 133).

## III.    CONCLUSION

Accordingly, the Court **GRANTS** Parties' Motion to Seal. (ECF No. 133.) As such, the Clerk of Court shall **ACCEPT** and **FILE UNDER SEAL** ECF Nos. 126 and 126-4.

**IT IS SO ORDERED.**

DATED: April 6, 2026

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 6 -

23cv1221